IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| EDDIE WAYNE BATTLE, | § | |
| --- | --- | --- |
| Movant, | § § § | |
| V. | § | No. 3:16-cv-1887-N-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Eddie Wayne Battle, a federal prisoner, proceeding *pro se*, has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This action has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should reopen this administratively closed action and dismiss the Section 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, because "it plainly appears … that [Movant] is not entitled to relief." *Id.*

**Applicable Background**

In 2012, Movant was convicted of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii), and, in 2013, he was sentenced to 188 months of imprisonment. *See United States v. Battle*, No. 3:12-

cr-81-N (01) (N.D. Tex.). This is the first Section 2255 motion attacking this conviction and sentence.

## Legal Standards and Analysis

Movant requests postconviction relief under *Johnson v. United States*, 576 U.S. ____, 135 S. Ct. 2551 (2015), seeking to apply *Johnson* to the career offender provision of the advisory sentencing guidelines. *See* Dkt. No. 1 at 3-5 ("The use of [U.S.S.G. §] 4B1.2's residual clause in Defendant's sentencing was plain error. A federal criminal sentence derived from an incorrect sentencing range can, and often will, be sufficient to establish that the error [affected] the Defendant's substantial rights.").

In *Johnson*, the Supreme Court of the United States held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review." *Welch v. United States*, 578 U.S. ____, 136 S. Ct. 1257, 1265 (2016).

But Movant did not receive an increased sentence under the ACCA's residual clause. Instead, any increase in his sentence was due to the advisory sentencing guidelines. *See* No. 3:12-cr-81-N (01), Dkt. No. 34-1 (presentence report) at 8, ¶ 37

(regarding application of the guideline's career offender provision, U.S.S.G. § 4B1.1). "Unlike the ACCA, ... the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886, 892 (2017) (concluding, as also applicable here, that "[t]he residual clause in [U.S.S.G.] § 4B1.2(a)(2) ... is not void for vagueness").

For this reason, it "plainly appears" that Movant "is not entitled to relief" on the Section 2255 motion, and the motion should be dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *see, e.g., Rose v. United States*, Nos. 2:16-CV-554 & 2:13-CR-00123, 2017 WL 951600, at *1 (S.D. Ohio Mar. 10, 2017) (as to a case, like this one, held in abeyance pending the Supreme Court's decision in *Beckles*, holding that, "[b]ased on the Supreme Court's *Beckles* decision, it now appears to the Court that 'the moving party is not entitled to relief.' Under these circumstances, Rule 4(b) states that 'the judge must dismiss the motion'" (citation omitted)).

**Recommendation**

The Court should reopen this administratively closed action and dismiss the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 23, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE